**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WAYNE EDELMAN, ET AL.

        Plaintiffs,                    CASE NO. 11-10781
v.                                               HON. LAWRENCE P. ZATKOFF

CERTIFIED RESTORATION
DRYCLEANING NETWORK, LLC,

        Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron, State of
Michigan, on the 28th day of February, 2011.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiffs' "Motion for Show Cause," pursuant to which they seek a temporary restraining order and a preliminary injunction (*See* Docket #s 3 and 5). The facts and legal arguments are adequately set forth in the Motion, supporting brief and the referenced exhibits submitted by Plaintiffs. Therefore, finding that the determination of the issues will not be aided by oral argument, and pursuant to E.D. Mich. L. R. 7.1(f)(2), the Court has decided Plaintiffs' Motion upon the brief submitted, without oral argument.

**II. LEGAL STANDARD**

A court is to consider the following four factors in determining whether a plaintiff is entitled to a temporary restraining order or other preliminary injunctive relief:

    (1)    whether the movant has shown a strong or substantial likelihood or probability of success on the merits;

    (2)    whether the movant has shown that he or she would suffer irreparable harm if the preliminary relief is not issued;

  (3) whether the issuance of a preliminary injunction will not cause substantial harm to third parties; and

  (4) whether the public interest would be served by the issuance of a preliminary injunction.

*Sandison v. Mich. High Sch. Athletic Ass'n, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995); *UASCO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 98 (6th Cir. 1982); *Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). The standard for preliminary injunction is not a rigid and comprehensive test, and the four factors are to be balanced, not prerequisites that must be satisfied, but instead "these factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." *In re Eagle-Picher Indus., Inc.,* 963 F.2d 855, 859 (6th Cir. 1992).

### III. FINDINGS OF THE COURT

  The Court has reviewed Plaintiffs' brief filed in support of their Motion. The Court finds that Plaintiffs have not satisfied their burden to require this Court to grant Plaintiffs' request for a temporary restraining order. Even assuming there is a likelihood of success on the merits (which, in itself, is not clear at this point), it is, at best, debatable whether Plaintiffs will suffer any irreparable injury of the nature they claim. Specifically, the Court finds that Plaintiffs have not demonstrated that Defendant will, or even have the right to, terminate the disputed franchise agreements prior to March 8, 2011. In fact, although the Court shall not make such a finding at this time, upon its preliminary review of the three applicable franchise agreements, it appears to the Court that Defendant must give written notice of its intent to terminate at least 10 days prior to termination under the circumstances described by Plaintiffs. Based on the filings made by Plaintiffs, the Court finds that Defendant has not yet given such written notice of its intent to terminate any of the three applicable franchise agreements. Accordingly, Plaintiffs' Order to Show Cause (Docket #3) is DENIED insofar as it seeks a temporary restraining order.

## IV. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that Plaintiffs' Motion for Show Cause is DENIED to the extent that it seeks a temporary restraining order.

IT IS FURTHER ORDERED that counsel for Plaintiffs and Defendant shall appear at 526 Water Street, Port Huron, Michigan, on Monday, March 7, 2011, at 2:00 p.m. for a hearing on whether the Court shall issue a preliminary injunction granting Plaintiffs' requested relief.

IT IS FURTHER ORDERED that Defendant shall file a response to Plaintiffs' Motion that specifically addresses whether the Court should issue a preliminary injunction granting Plaintiffs' requested relief. Defendant must file its response no later than 5:00 p.m. on Wednesday, March 2, 2011.

IT IS FURTHER ORDERED that, if Plaintiffs want to file a reply to Defendant's response, Plaintiffs must file their reply no later than 5:00 p.m. on Thursday, March 3, 2011.

IT IS SO ORDERED.

                                                              S/Lawrence P. Zatkoff
                                                              LAWRENCE P. ZATKOFF
                                                              UNITED STATES DISTRICT JUDGE

Dated: February 28, 2011

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 28, 2011.

                                                              S/Marie E. Verlinde
                                                              Case Manager
                                                              (810) 984-3290